UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA McCARTHY,

      Plaintiff,

-against-

QATAR AIRWAYS, Q.C.S.C.,

      Defendant.

23-CV-11200 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action invoking the court's diversity of citizenship jurisdiction, alleging that Defendant violated her rights. She sues Qatar Airways, Q.C.S.C. ("Qatar Airways"). By order dated February 2, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff filed the complaint in this action without the $405.00 in fees required to bring a civil action in this court or an application to proceed IFP. By order dated January 16, 2024, the Court directed Plaintiff to either pay the fees or submit an IFP application. (ECF 3.) Plaintiff filed an IFP application on January 24, 2024.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against Qatar Airways, which she alleges is located in and incorporated under the laws of the State of Qatar. She alleges that the events giving rise to her claims occurred in Israel on October 7, 2023. The following allegations are taken from the complaint. Plaintiff is a "natural-born citizen and resident of the Republic of Panama, a United States citizen . . . and a resident of Manhattan, receiving correspondence in Brooklyn, New York." (ECF 1-1, at 1.) Elsewhere in the complaint, however, Plaintiff states that she "now

resides in Israel." (*Id.* at 3.) Plaintiff describes her life history, including her marrying a member of the United States Army in Panama in 1993, moving to Illinois, and being "physically aggrieved" by a co-worker and harassed while living in Illinois, allegedly due to her Jewish background. (*Id.* at 1.)

In 2016, Plaintiff and her children relocated to Panama. Plaintiff had previously "learned that her father, a Jew, had signed a Contract with GCDA, SA., a shell corporation for Odebrecht, SA aka Novonorsa. The $2.2 billion contract extracted material from lands acquired via a contract and trust by [Plaintiff]. The United States Department of State prompted [Plaintiff] and her children to come back to the United States after serious attempts against the lives of the children." (*Id.* at 3.) Plaintiff appears to have relocated to New York.

Plaintiff visited Jerusalem in 2023, and her minor daughter asked to stay. Her daughter "had been the victim of vile attacks in New York at the hands of government workers" and "[o]ne of them prohibited [Plaintiff] from blessing her meal in Hebrew and then bringing the matter to a Court in front of a Judge, to commence sentencing for praying in Hebrew." (*Id.*)

Plaintiff "now resides in Israel," and was there during the October 7, 2023 attack by Hamas. (*Id.*) She "has now applied to reside in Israel while under constant attack by Hamas and the head and senior political of Hamas and the Orchestrator resides comfortably in Doha, Qatar." (*Id.*)

Plaintiff states that she and her family are "returning Jews" (*id.* at 5), and suggests that she is attempting to assert civil and criminal charges against the State of Qatar for "the financing of the persecution of Jews and returning Jews" (*id.* at 4). She describes her family's history at length, stating that she is the "great-granddaughter of Mair Sitton zk"l, born in Jerusalem in the 18??" and the daughter of N.L. Sitton. (*Id.* at 1.) Plaintiff alleges that, "Given the persecution,

appropriations, and rising antisemitism, the McCarthy family relocated to their homeland in search of peace after almost 100 years. [Plaintiff] is the sole member of the L-Sitton family returning to Israel." (*Id.* at 6.)

Plaintiff describes her injuries as "[a]nxiety, pain, fear, war, trauma, [and] persecution of Jews." (ECF 1, at 6.)

Plaintiff seeks "$4,000,000,000,000.00 Freezing of assets." (*Id.*)

## DISCUSSION

**A.   Foreign Sovereign Immunities Act**

Plaintiff's claims against Qatar Airways are foreclosed by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602 *et seq.* Agencies or instrumentalities of a foreign state are covered by the FSIA when they are owned by a foreign state. 28 U.S.C. § 1603(b). The State of Qatar is a "foreign state," *see* 28 U.S.C. § 1603(a), and Qatar Airways is an instrumentality wholly owned by the State of Qatar, *see Ghannoum v. Qatar Airways Q.C.S.C.*, No. H-12-2994, 2014 WL 4354436, at *1 (S.D. Tex. Sept. 2, 2014) (Qatar Airways Q.C.S.C. is "entirely owned by the government of Qatar"). Both the State of Qatar and Qatar Airways are therefore covered by the FSIA.

The FSIA is the "only . . . basis for exercising subject matter jurisdiction over a foreign state." *Nam v. Permanent Mission of Republic of Korea to United Nations*, No. 21-CV-06165 (JLR), 2023 WL 2138601, at *7 (S.D.N.Y. Feb. 21, 2023) (relying on *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 439 (1989)). It renders a foreign government "presumptively immune from the jurisdiction of United States courts unless one of the Act's express exceptions to sovereign immunity applies." *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 31 (2015) (citation omitted); 28 U.S.C. § 1330(a) (conferring jurisdiction over "any claim . . . with respect to which the foreign state is not entitled to immunity").

4

The FSIA's exception for commercial activity provides that a foreign state shall not be immune from the jurisdiction of United States courts in any case "in which the action is based upon a commercial activity carried on in the United States by the foreign state." 28 U.S.C. § 1605(a)(2); *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 488-89 (1983) (commercial activity exception includes "actions based upon commercial activities of the foreign sovereign carried on in the United States or causing a direct effect in the United States").

Here, Plaintiff alleges no facts regarding Qatar Airways, and her sole allegation with respect to the State of Qatar is that the leader of Hamas "resides comfortably" there. (ECF 1-1, at 3.) She does not allege any facts suggesting that her claims are "based upon a commercial activity carried on in the United States by the foreign state." 28 U.S.C. § 1605(a)(2). In fact, she alleges that the events giving rise to her claims occurred in Israel, not the United States. The commercial activity exception to FSIA therefore does not apply.[2] Because Plaintiff does not plead any facts suggesting that an exception to foreign sovereign immunity applies, the Court lacks subject matter jurisdiction of Plaintiff's claims against Qatar Airways.[3]

**B.    Criminal Prosecution**

Plaintiff's complaint suggests she may be attempting to assert criminal claims against Qatar Airways or the State of Qatar. Plaintiff cannot initiate the arrest and prosecution of an

---

[2] Plaintiff seems to argue that FSIA does not apply in this action because she is seeking criminal, rather than civil, prosecution. (*See* ECF 1-1, at 4.) As discussed below, however, Plaintiff cannot initiate a criminal prosecution in federal court, and her argument that FSIA does not apply is without merit.

[3] The Court also notes that Plaintiff has not alleged any facts suggesting that venue lies in this District. *See generally* 28 U.S.C. § 1391. She alleges that the events giving rise to her claims occurred in Israel and that Defendant is located in Qatar. The facts alleged in the complaint do not suggest that any part of the events giving rise to her claims took place in this District, § 1391(b)(2), or that venue is proper in this district based on the residence of Defendant, § 1391(b)(1).

individual or individuals in this Court, however, because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys or the Court to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of anyone, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

**C.     Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   April 15, 2024
           New York, New York

                                             /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                            Chief United States District Judge